UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYSON WILLIAMS, | Case No. 2:19-cv-01595-KJM-JDP (PC) |
| Plaintiff, | ORDER DISCHARGING THE NOVEMBER 10, 2021 ORDER TO SHOW CAUSE |
| v. | |
| G. JONES, *et al.*, | ECF No. 29 |
| Defendants. | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED |
| | ECF No. 28 |

Plaintiff alleges the defendants Jones and Parham, correctional officials, violated his Eighth Amendment rights when they attacked him following a classification hearing. Because he fears that their presence jeopardizes his safety, he has filed a motion for injunctive relief seeking a transfer to a prison where they do not work. Defendants oppose the motion, arguing that this court lacks jurisdiction to transfer prisoners to different institutions and that plaintiff has not met the requirements for a preliminary injunction.[1]  I agree and recommend denying plaintiff's motion for injunctive relief.

---

[1] After defendants failed to timely respond to plaintiff's motion, the court ordered them to show cause why sanctions should not be imposed. ECF No. 29. Defendants have since filed an opposition and a response to the order to show cause. ECF Nos. 30, 31. In light of counsel's representations, ECF No. 31, the November 10, 2021 order to show cause is discharged.

To obtain preliminary injunctive relief a claimant must show that he is likely to succeed on the merits of his case, that he is likely to suffer irreparable harm in the absence of injunctive relief, that the balance of equities is in his favor, and that the injunction is in the public's interest. *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).  The bar is particularly high in this case because the requested relief encroaches on questions of prison administration.  *See Bell v. Wolfish*, 441 U.S. 520, 547 (1970).

Plaintiff's motion does not address the *Winter* factors; instead, he contends, without elaboration, that defendants' presence jeopardizes his safety and causes an unsafe environment. That conclusory statement is insufficient to warrant the relief he seeks.  *See Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.").

Accordingly, it is hereby ORDERED that the November 10, 2021 order to show cause, ECF No. 29, is discharged.

Further, it is RECOMMENDED that plaintiff's motion for injunctive relief, ECF No. 28, be denied.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court.  Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   December 8, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2